UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RACHEL LYNN WILLIAMSON, et. al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No.: 1:24-cv-01526-TWP-MJD |
| ) | |
| **GERARDO LORENZO LINARDUCCI, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

A.    Plaintiffs: RACHEL LYNN WILLIAMSON and CONSTANCE NOVOA, individually and on behalf of all others similarly situated; Defendants: GERARDO LORENZO LINARDUCCI, INTEGRITY WEALTH PARTNERS, LLC (Indiana limited liability corporation), and DUCCI ENTERPRISES, LLC (Indiana limited liability corporation)

B.    Counsel for Parties:

| **For Plaintiffs:** | **For Defendants:** |
|---|---|
| Ross M. Good, Esq.<br>Shawn M. Good Esq.<br>The Good Law Group<br>800 E. Northwest Hwy, Ste 814<br>Palatine, IL 60074<br>Ph: (847) 577-4476<br>Fax: (800) 709-1179<br>Ross@thegoodlawgroup.com<br>Shawn@thegoodlawgroup.com<br><br>Jeffrey Sonn, Esq. (*Pro Hac Vice*)<br>Sonn Law Group PA<br>19495 Biscayne Blvd, Suite 607<br>Aventura, Fl 33180<br>Tel 305-912-3000<br>Fax 786-485-1501<br>FL Bar No. 773514 | Kevin D. Koons<br>Justin R. Olson<br>Kroger, Gardis & Regas, LLP<br>111 Monument Circle Ste 900<br>Indianapolis, Indiana 46204<br>Direct Phone: (317) 777-7431 (Koons)<br>Direct Phone: (317) 777-7450 (Olson)<br>Reception: (317) 692-9000<br>Fax:    (317) 264 6832<br>kkoons@kgrlaw.com<br>jolson@kgrlaw.com |

| | |
|---|---|
| Jsonn@Sonnlaw.com<br><br>Brian B. Pastor, Esq. (*Pro Hac Vice*)<br>Sonn Law Group PA<br>3455 Peachtree Rd NE,<br>Ste. 500<br>Atlanta, GA 30326<br>Tel: 305-912-3000 Ext. 538<br>Fax: 404-607-7121<br>GA Bar No. 565860<br>E-Mail: BPastor@SonnLaw.com<br><br>Mark E. Maddox Esq.<br>Maddox Hargett & Caruso PC<br>10150 Lantern Rd, Ste 175<br>Fishers, IN 46037<br>Tel: (317) 598-2043<br>Fax: (317) 598-2050<br>IN Attorney No. 11252-49<br>mmaddox@mhclaw.com | |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.     Jurisdiction and Statement of Claims**

A.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 78a, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

B.      Plaintiffs have brought a class action lawsuit on behalf of investors who claim they were defrauded in a Ponzi scheme. Plaintiffs allege Defendants promoted and sold unregistered securities through false promises of a 10% return every three months. Plaintiffs claim that the Defendants misrepresented the safety and profitability of these investments, failed to conduct proper due diligence, and ignored investors' risk tolerance, resulting in significant financial losses. Additionally, the Defendants are accused of using investor funds to pay earlier investors and finance an extravagant lifestyle, instead of generating legitimate investment returns for Plaintiffs and the putative class.

C.      Defendants deny that they are liable in this case. Defendants anticipate filing a motion to dismiss Count 1 for failing to state a claim under Section 12(a)(2) of the Securities Act [*i.e.*, 15 U.S.C. § 77*l*(a)(2)]. This is Plaintiffs' only federal claim supporting federal question jurisdiction. Plaintiffs also have failed to allege fraud with particularity under Rule 9(b) for claims that sound in fraud. Assuming

Plaintiffs' sole federal claim is subject to dismissal, as Defendants anticipate, the Court will lack supplemental jurisdiction over Plaintiffs' remaining state-law claims, even if those claims survive a motion to dismiss. Moreover, if any of Plaintiffs' claims were to survive motions to dismiss, Defendants also anticipate demonstrating on the merits that they did not act with the requisite intent under the various claims. Defendants reserve the right to assert additional defenses when and if they must answer Plaintiffs' Complaint.

III. **Pretrial Pleadings and Disclosures**

   A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before November 25, 2024. (Doc. 17).

   B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before December 2, 2024. (Doc. 17).

   C. Defendant(s) shall file preliminary witness and exhibit lists on or before December 9, 2024. (Doc. 17).

   D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before January 10, 2025. (Doc. 17).

   D. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before December 2, 2024. (Doc. 17). Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 21 days after receipt of the proposal. (Doc. 17).

   F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 8, 2025. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before October 8, 2025; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before October 8, 2025.

   G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive

        motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

    H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before March 1, 2026.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

    I.    All parties shall file and serve their final witness and exhibit lists on or before November 6, 2025.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

    J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    K.    <u>Discovery of electronically stored information ("ESI")</u>.  The parties have not reached agreement on an ESI Supplement and are continuing to meet and confer regarding the same. An IT vendor for Defendant Lindarducci's counsel in other matters has imaged Mr. Linarducci's phone, and a laptop is in the process of being imaged by the same IT vendor for such counsel. See attached ESI Supplement to Case Management Plan.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the

---

[1]    The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Yes, Plaintiffs intend to file a Motion for Class Certification and after this Court makes a decision, a Motion for Summary Judgment. Specifically, Plaintiffs believe they will be able to prove that Defendants (1) knowingly promoted and sold unregistered securities, (2) negligently making false representations about guaranteed returns and (3) said false representations induced investments of Plaintiffs and the putative class.

Defendants may file a Motion for Summary Judgment, depending on the outcome of the Motions to Dismiss.

B. On or before September 15, 2025, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by _____[no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by _____[no later than 15 months from Anchor Date]. All remaining discovery shall be completed by no later than

16 months from Anchor Date.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

   **X**    Track 3: Dispositive motions shall be filed November 21, 2025; non-expert discovery shall be completed by September 5, 2025; expert witness discovery shall be completed by November 7, 2025.  [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.     **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in November 2025.**

VI.    **Trial Date**

The parties request a trial date in July 2026.  The trial is by jury and is anticipated to take 14 days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate: A longer track is appropriate because of the need to obtain a ruling on a motion for class certification prior to filing summary judgment. The parties desire to give the Court ample time to rule on the class motion without jeopardizing due process considerations in connection with the motion for summary judgment.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII.   **Referral to Magistrate Judge**

A.     **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should

6

        this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

      5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

As discussed above, Defendants anticipate filing a motion to dismiss the Complaint. The parties have discussed and agreed upon a proposed briefing schedule in light of planned absences of counsel and intervening holidays, subject to the Court's approval, as follows:

- Defendants' Motion to Dismiss: Nov. 15, 2024
- Plaintiffs' Response: December 13, 2024
- Defendants' Reply Brief: January 3, 2025

Moreover, Defendants have participated in the preparation of this Case Management Plan in good faith but submit the foregoing dates subject to their anticipated motion to dismiss and request for stay of discovery, which stay will likely be automatic. Pursuant to the Private

Securities Litigation Reform Act, "In any private action arising under this chapter [15 U.S.C. §§ 77a *et seq.*], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 77z-1(b)(1). *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) ("The PSLRA imposes an automatic stay on discovery while a motion to dismiss is pending, absent exceptional circumstances."); *see also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 913 (9th Cir. 1999) ("We also reject plaintiffs' argument that the district court should have permitted discovery because plaintiffs asserted state claims. As the district court correctly explained, 'Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.'") Thus, if Defendants' motion to dismiss includes Count 1, as is currently anticipated, Defendants would object to any of the dates contained herein while such motion is pending. Moreover, particularized discovery pending the motion to dismiss is not necessary to preserve evidence as all evidence is being preserved pursuant to subpoenas that Defendants have already received from a Court Appointed SEC receiver in the N.D. Ga litigation and from the SEC. Discovery is also not necessary to prevent undue prejudice to Plaintiffs. Defendants request the right to be fully heard and fully brief its opposition to any motion for particularized discovery that Plaintiffs may file after the automatic stay is triggered.

Respectfully Submitted,

| | |
|---|---|
| */s/ Ross M. Good* <br> Ross M. Good, Esq. <br> Shawn M. Good Esq. <br> The Good Law Group <br> 800 E. Northwest Hwy, Ste 814 <br> Palatine, IL 60074 <br> Ph: (847) 577-4476 <br> Fax: (800) 709-1179 <br> Ross@thegoodlawgroup.com <br> Shawn@thegoodlawgroup.com <br><br> Jeffrey Sonn, Esq. (*Pro Hac Vice*) <br> Sonn Law Group PA <br> 19495 Biscayne Blvd, Suite 607 <br> Aventura, Fl 33180 <br> Tel 305-912-3000 <br> Fax 786-485-1501 <br> FL Bar No. 773514 <br> Jsonn@Sonnlaw.com <br><br> Brian B. Pastor, Esq. (*Pro Hac Vice*) <br> Sonn Law Group PA | */s/ Kevin D. Koons* <br> Kevin D. Koons <br> Justin R. Olson <br> Kroger, Gardis & Regas, LLP <br> 111 Monument Circle Ste 900 <br> Indianapolis, Indiana 46204 <br> Direct Phone: (317) 777-7431 (Koons) <br> Direct Phone: (317) 777-7450 (Olson) <br> Reception: (317) 692-9000 <br> Fax: (317) 264 6832 <br> kkoons@kgrlaw.com <br> jolson@kgrlaw.com <br><br> *Attorneys for Defendants* |

| | |
|---|---|
| 3455 Peachtree Rd NE, Ste. 500<br>Atlanta, GA 30326<br>Tel: 305-912-3000 Ext. 538<br>Fax: 404-607-7121<br>GA Bar No. 565860<br>E-Mail: BPastor@SonnLaw.com<br><br>Mark E. Maddox Esq.<br>Maddox Hargett & Caruso PC<br>10150 Lantern Rd, Ste 175<br>Fishers, IN 46037<br>Tel: (317) 598-2043<br>Fax: (317) 598-2050<br>IN Attorney No. 11252-49<br>mmaddox@mhclaw.com<br><br>*Attorneys for Plaintiffs* | |

*************************************************************************

|  | |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
|  | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**