# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL LYNN WILLIAMSON and CONSTANCE NOCOA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERARDO LORENZO LINARDUCCI, an Indiana individual, and INTEGRITY WEALTH PARTNERS, LLC, an Indiana limited liability Corporation, and DUCCI ENTERPRISES, LLC, an Indiana limited liability corporation,<br><br>Defendants. | CASE NO.: 1:24-CV-01526-TWP-MJD |

## DEFENDANTS' MOTION FOR STAY OF DISCOVERY AND OTHER PROCEEDINGS PENDING MOTION TO DISMISS

Gerardo Lorenzo Linarducci, *et al.*, ("Defendants") by counsel, files this *Motion to for Stay of Discovery and Other Proceedings Pending Motion to Dismiss*.

## BACKGROUND

Plaintiffs in this case filed a Complaint asserting various claims based on allegations that Defendants promoted and sold unregistered securities. (Dkt. No. 1). Count I of the Complaint asserts a claim under Section 12(a)(2) of the federal Securities Act of 1933, *i.e.*, 15 U.S.C. § 77*l*(a)(2). Concurrently herewith, Defendants have filed a Rule 12(b)(6) motion to dismiss Count I on the grounds that Plaintiffs failed to allege the existence of a prospectus, a required element of a Section

12(a)(2) claim, and further, that Plaintiffs' allegation that the alleged security sales were pursuant to a "private offering" is also fatal to a Section 12(a)(2) claim (Dkt. No. 23), as more fully discussed in Defendants' brief in support of that motion. (Dkt. No. 24).

The Private Securities Litigation Reform Act, Pub. L. No. 104-67 (the "Reform Act"), provides that "all discovery and other proceedings shall be stayed" during the pendency of any motion to dismiss a claim arising under the Securities Act. 15 U.S.C. § 77*z*-1(b)(1). Thus, Defendants request a stay of "all discovery and other proceedings," including the Rule 26(a) initial disclosures, preparation of the ESI Supplement, and all deadlines specified in the tendered Case Management Plan, while their motion to dismiss Count I is pending.

## ARGUMENT

The Reform Act was adopted by Congress in 1995 to curb perceived abuses in private securities litigation, particularly class actions. *See* Pub. L. No. 104-67. Section 102 of the Reform Act added Section 27 to the Securities Act [15 U.S.C. § 77*z*–1] and Section 21D to the Securities Exchange Act [15 U.S.C. § 78*u*–4]. These sections contain identical provisions applicable to any private action (class or otherwise) arising under the respective Acts limiting discovery and other proceedings during the pendency of a motion to dismiss.

Here, Plaintiffs' Count I arises under the Securities Act; thus, Section 27 of the Securities Act governs and provides:

> In any private action arising under this chapter [15 U.S.C. §§ 77a *et seq.*], **all discovery and other proceedings shall be stayed** during

2

>the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1) (emphasis added). *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) ("The PSLRA imposes an automatic stay on discovery while a motion to dismiss is pending, absent exceptional circumstances.").

Moreover, the automatic stay is not limited to Count I but applies broadly to *all* claims asserted by Plaintiffs. *See, SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("We also reject plaintiffs' argument that the district court should have permitted discovery because plaintiffs asserted state claims. As the district court correctly explained, 'Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.'") In fact, the Reform Act even authorizes a federal court to stay discovery proceedings in parallel state court private actions. 15 U.S.C. § 77z-1(b)(4).

The automatic stay also extends to "all" discovery and "other proceedings," including Rule 26(a) initial disclosures. *Medhekar v. U.S. Dist. Ct. for the N. Dist. of California*, 99 F.3d 325, 328–29 (9th Cir. 1996) (per curiam) ("We hold that the initial disclosure requirements of Fed.R.Civ.P. 26(a) and related local rules are 'discovery' or 'other proceedings' for purposes of the Act's stay provision, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the Act."); *Spears v. Metro. Life Ins.*, No. 2:07-CV-00088-RL-PRC,

2007 WL 1468697, at *4 (N.D. Ind. May 17, 2007) (holding that automatic stay applies to Rule 26(a) initial disclosures). Although not specifically addressed by any judicial opinion that Defendants could locate, the ESI Supplement is certainly within the scope of "all discovery" or "other proceedings" in that it contemplates discussion and disclosure of discovery plans, including planned scope of discovery, sequencing of discovery, search protocols, discoverable metadata, and proportionality of discovery.

As a result, Defendants request a stay of all discovery and other proceedings, including Rule 26(a) initial disclosures, preparation of the ESI Supplement, and any deadlines in the draft Case Management Plan.

## STATEMENT CONCERNING PRESERVATION OF EVIDENCE

The Reform Act also provides:

> During the pendency of any stay of discovery pursuant to this subsection, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 77$z$-1(b)(2).

Defendants acknowledge their duty to preserve such evidence and have preserved data backups from Mr. Linarducci's only cell phone (an iPhone) and laptop (a MacBook) used during the time period of events alleged in the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants request the Court for an order staying all discovery and other proceedings herein, including Rule 26(a) initial disclosures, the ESI Supplement, and any deadlines in the proposed Case Management Plan, during the pendency of their motion to dismiss, and for all other just and proper relief.

Respectfully submitted,

/s/ *Kevin D. Koons*
Kevin D. Koons, Atty. No. 27915-49
Justin R. Olson, Atty. No. 31450-49
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000
kkoons@kgrlaw.com
jolson@kgrlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I filed the foregoing *Defendants' Motion for Stay of Discovery and Other Proceedings Pending Motion to Dismiss* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark E. Maddox
Maddox Hargett & Caruso, P.C.
10150 Lantern Road
Suite 175
Fishers, IN 46037
mmaddox@mhclaw.com

Shawn M. Good
Ross M. Good
The Good Law Group
800 E. Northwest Hwy
Suite 814
Palatine, IL 60074
Shawn@thegoodlawgroup.com
ross@thegoodlawgroup.com

Brian Pastor
Sonn Law Group PA
3455 Peachtree Rd Rd NE
Ste 500
Atlanta, GA 30326
bpastor@sonnlaw.com

Jeffrey R. Sonn
Sonn Law Group PA
19495 Biscayne Blvd.
Suite 607
Aventura, FL 33180
jsonn@sonnlaw.com

/s/ *Kevin D. Koons*
Kevin D. Koons

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000