UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL LYNN WILLIAMSON and CONSTANCE NOCOA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERARDO LORENZO LINARDUCCI, an Indiana individual, and INTEGRITY WEALTH PARTNERS, LLC, an Indiana limited liability Corporation, and DUCCI ENTERPRISES, LLC, an Indiana limited liability corporation,<br><br>Defendants. | CASE NO.: 1:24-CV-01526-TWP-MJD |

**DEFENDANTS INTEGRITY WEALTH PARTNERS, LLC AND DUCCI ENTERPRISES, LLC's MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b), Defendants Integrity Wealth Partners, LLC and Ducci Enterprises, LLC, (collectively "Defendants")[1] respectfully request that the Court dismiss all of Plaintiffs' claims against them, for the following reasons:

---

[1] The Court severed all claims against Defendant Gerardo Lorenzo Linarducci because he has filed Chapter 13 bankruptcy. Accordingly, all proceedings are stayed as to him. (Dkt. 32 at 8–9 (severing claims); Dkt. No. 31 (staying proceedings "as to Defendant Gerardo Lornzo Linarducci only")).

1) Plaintiffs' claim under Section 12(a)(2) of the Securities Act of 1933 (Count I) fails to state a claim under Rule 12(b)(6) because it fails to allege the existence of a prospectus or any material misstatements or omissions related to a prospectus in a public offering.

2) Plaintiffs' claim under Section 12(a)(2) of the Securities Act of 1933 (Count I) and its claim for common law fraud (Count III) both sound in fraud and fail to allege fraud with particularity pursuant to Rule 9(b)'s heightened pleading requirements.

3) If the Court dismisses Plaintiffs' Section 12(a)(2) claim, then Plaintiffs' remaining state law claims should be dismissed, without prejudice, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because there will be no federal question jurisdiction, Plaintiffs cannot establish diversity jurisdiction under the Class Action Fairness Act, and supplemental jurisdiction will no longer exist over the state law claims.

In support of this motion, the Defendants contemporaneously file and incorporate by reference their supporting brief and the Declaration of Gerardo Lorenzo Linarducci.

WHEREFORE, Defendants respectfully request the Court dismiss Count I and III, with prejudice, and dismiss the remaining state-law claims, without prejudice, and grant all other appropriate relief it deems just and proper.

Respectfully submitted,

/s/ *Kevin D. Koons*
Kevin D. Koons, Atty. No. 27915-49

        Justin R. Olson, Atty. No. 31450-49
        KROGER, GARDIS & REGAS, LLP
        111 Monument Circle, Suite 900
        Indianapolis, IN 46204
        Phone: (317) 692-9000
        kkoons@kgrlaw.com
        jolson@kgrlaw.com

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, I filed the foregoing *Defendants Integrity Wealth Partners, LLC and Ducci Enterprises, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark E. Maddox
Maddox Hargett & Caruso, P.C.
10150 Lantern Road
Suite 175
Fishers, IN 46037
mmaddox@mhclaw.com

Shawn M. Good
Ross M. Good
The Good Law Group
800 E. Northwest Hwy
Suite 814
Palatine, IL 60074
Shawn@thegoodlawgroup.com
ross@thegoodlawgroup.com

Brian Pastor
Sonn Law Group PA
3455 Peachtree Rd NE
Ste 500
Atlanta, GA 30326
bpastor@sonnlaw.com

Jeffrey R. Sonn
Sonn Law Group PA
19495 Biscayne Blvd.
Suite 607
Aventura, FL 33180
jsonn@sonnlaw.com

/s/ *Kevin D. Koons*
Kevin D. Koons

4