UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL LYNN WILLIAMSON and CONSTANCE NOVOA, individually and on behalf of all others similarly situated, Plaintiffs, <br><br> v. <br><br> GERARDO LORENZO LINARDUCCI, an Indiana individual, and INTEGRITY WEALTH PARTNERS, LLC, an Indiana limited liability corporation, and DUCCI ENTERPRISES, LLC, an Indiana limited liability corporation, Defendants. | Case No.: 1:24-CV-01526-TWP-MJD |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
"MOTION TO STRIKE" DECLARATION OF ROSS GOOD[1]**

NOW COME Plaintiffs, and in response to Defendants' Motion to Strike contained within its Reply in Support of Defendants' Motion to Dismiss (Doc. 43 hereafter "Def. Reply"), state as follows:

1. Within the Reply Brief in Support of their Motion to Dismiss the Second Amended Complaint, Defendants include an argument which they identify as a Motion to Strike the Declaration of Ross Good attached to the Second Amended Complaint. *See* Def. Reply at 10-12.

2. Acknowledging that such a motion is improper, Defendants nevertheless assert that they have included it within their Reply Brief "in the spirit of complying with S.D. Ind. L.R. 56-1(i)." Def. Reply at 10, FN 1.

---

[1] Rather than properly file a Motion to Strike, Defendants included a purported Motion to Strike within its Reply Brief in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint. To justify this, Defendants rely upon S.D. Ind. L.R. 56-1(i), which is applicable only to motions to strike brought within the summary judgment process.

1

3.  The Rule cited by Defendants is unambiguously applicable only to motions brought within the summary judgment process. S.D. Ind. L.R. 56-1(i). Local Rule 56-1 is titled "Summary Judgment Procedure," and subsection (i), relied upon by Defendants, explicitly states that "[t]he court disfavors collateral motions – such as motions to strike -- *in the summary judgment process.*" *Id.* (emphasis supplied). The rule goes on to explain that disputes over the admissibility or effect of evidence at that stage must be raised within a party's brief. *Id.*

4.  Defendants fail to explain why the Declaration of Ross Good attached to Plaintiffs' Second Amended Complaint to support the jurisdictional facts would be subject to a Motion to Strike included within Defendants' reply brief. The case cited by Defendants, *Schneider v. United States,* 257 F. Supp. 2d 1154, 1158 (S.D. Ind. 2003), is inapt as it involves the validity of verified declarations filed within the context of a motion for summary judgment. Indeed, the Court noted that the objections to the declarations were premised upon their failure to meet the requirements of Federal Rule of Civil Procedure 56(e), which governs motions for summary judgment. *Id.*

5.  In analyzing a motion to dismiss pursuant to Rule 12, the court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *See Browning v. Flexsteel Industries,* 959 F. Supp. 2d 1134, 1142 (N.D. Ind. 2013). *citing Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). With respect to a Rule 12(b)(1) motion to dismiss, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted).[2]

---

[2] Holding that a party opposing a 12(b)(6) motion to dismiss may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove, the Seventh Circuit explained that documents filed with a response to a motion to dismiss, such as the declaration at issue herein, "are not evidence, but they provide a way for a plaintiff to show a court that there is likely to be some evidentiary weight behind the pleadings the court must evaluate." *Geinosky v.*

6. The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). Plaintiffs had no choice but to submit the Declaration of Ross Good in response to Defendants' challenge to their jurisdictional allegations.

7. Defendants have improperly attempted to "sneak in" a motion to strike by suggesting that responses to a Motion to Dismiss should be held to the more stringent standards applicable to motions for summary judgment. As Defendants are aware, plaintiffs have much more flexibility in opposing a Rule 12 motion than in opposing a Rule 56 motion. *Geinosky*, 675 F.3d at 751, FN 1. Defendants' motion to strike, even if more properly filed as a collateral motion, should be denied.

WHEREFORE, Plaintiffs respectfully ask that the Court deny Defendants' Motion to Strike Declaration of Ross Good and grant any other and further relief it deems appropriate.

Dated: November 6, 2025

Respectfully Submitted,

/s/ Ross M. Good
Ross M. Good, Esq.
Shawn M. Good Esq.
The Good Law Group
800 E. Northwest Hwy, Ste 814
Palatine, IL 60074
Ph: (847) 577-4476
Fax: (800) 709-1179
Ross@thegoodlawgroup.com
Shawn@thegoodlawgroup.com

---

*City of Chicago*, 675 F. 3d 743, 751 (FN 1) (7th Circuit 2012) (*citations omitted*). The Court cautioned that such materials are submitted at the Motion to Dismiss stage "for illustrative purposes and should not be used to convert the motion into a Rule 56 motion for summary judgment." *Id.*

3

Jeffrey Sonn, Esq. (Pro Hac Vice)
Sonn Law Group PA
19495 Biscayne Blvd, Suite 607
Aventura, Fl 33180
Tel 305-912-3000
Fax 786-485-1501
FL Bar No. 773514 Jsonn@Sonnlaw.com

Brian B. Pastor, Esq. (Pro Hac Vice)
Sonn Law Group PA
3455 Peachtree Rd NE,
Ste. 500
Atlanta, GA 30326
Tel: 305-912-3000 Ext. 538
Fax: 404-607-7121
GA Bar No. 565860
E-Mail: BPastor@SonnLaw.com

Mark E. Maddox Esq.
Maddox Hargett & Caruso PC
10150 Lantern Rd, Ste 175
Fishers, IN 46037
Tel: (317) 598-2043
Fax: (317) 598-2050
IN Attorney No. 11252-49 mmaddox@mhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025 I filed the foregoing *PLAINTIFFS' RESPONSE TO DEFENDANTS' "MOTION TO STRIKE" DECLARATION OF ROSS GOOD* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's filing system.

/s/Ross M. Good

Ross M. Good

Ross M. Good

The Good Law Group
800 E. Northwest Hwy
Suite 814
Palatine, IL 60074