UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL LYNN WILLIAMSON and CONSTANCE NOCOA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERARDO LORENZO LINARDUCCI, an Indiana individual, and INTEGRITY WEALTH PARTNERS, LLC, an Indiana limited liability Corporation, and DUCCI ENTERPRISES, LLC, an Indiana limited liability corporation,<br><br>Defendants. | CASE NO.: 1:24-CV-01526-TWP-MJD |

### DEFENDANTS INTEGRITY WEALTH PARTNERS, LLC AND DUCCI ENTERPRISES, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION OF ROSS GOOD

Integrity Wealth Partners, LLC ("IWP") and Ducci Enterprises, LLC ("Ducci") (collectively "Defendants"), by counsel, files this *Reply in Support of Motion to Strike Declaration of Ross Good*.

Plaintiffs' Response to Motion to Strike (Dkt. No. 44) takes issue with Defendants' Motion to Strike the Declaration of Ross Good, filed in support of Defendants Rule 12(b)(1) Motion (Dkt. No. 42-1), but only for procedural reasons. They do not address much less rebut the substantive and evidentiary objections Defendants raised for why the Court should disregard the Declaration: Taking

Plaintiff's own description at face value, it does not address the substantive criteria under CAFA—the number of *class members* (i.e., investors)—but rather only the number of *payments* made while the number of *investors* is unknown. (*See* Dkt. No. 43 at 11–12). But equally problematic, Mr. Good's declaration on its face states that Exhibit 2 is an "analysis" of "source material" and thus inadmissible hearsay. (*See generally* Dkt. No. 43 at 11–12). Plaintiffs' only attempt to distinguish the case law cited by Defendants supporting the Motion to Strike is that the case involved summary judgment proceedings, not Rule 12(b)(1) proceedings. (Dkt. No. 44 ¶ 4). Thus, Plaintiffs waived any substantive or evidentiary argument on this issue.

Plaintiffs instead argue procedure, saying that Defendants cannot move to strike a declaration within a brief in support of a motion to dismiss, only within a motion for summary judgment. Plaintiffs appear to be making two procedural arguments here: First, that Defendants should have filed a separate motion to strike rather than include their evidentiary objection within their reply brief. But on a Rule 12(b)(1) motion, where parties may present jurisdictional facts, judicial economy and common sense are best served when parties make their evidentiary objections within their briefs rather than clutter the Court's docket with collateral motions. That's the point of Local Rule 56-1(i) in summary judgment briefing. Nothing in the local rules suggests it cannot apply in Rule 12(b)(1) briefing. It was economy and efficiency—not "sneakiness"—that was the basis for Defendants including it in their reply. If they were wanting to be "sneaky," they would not have called attention to the imbedded motion to strike in the document title and caption.

2

Second, Plaintiffs appear to set up a strawman, arguing that it is proper to include extra-pleading evidence on a Rule 12(b)(1) motion to dismiss. (Dkt. No. 44 ¶¶ 5–6). Defendants do not quibble with that general proposition nor with the fact that Mr. Good submitted a declaration; rather, the point of Defendants' motion is that the evidence submitted must satisfy admissibility under the Rules of Evidence. *See, e.g., Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 263 (E.D.N.Y. 2006), *aff'd sub nom. Celauro v. United States*, 214 F. App'x 95 (2d Cir. 2007) ("[h]earsay statements contained in the affidavits [submitted in connection with Rule 12(b)(1) motion] may not be considered."); *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003) (same). Because Mr. Good's declaration is inadmissible hearsay, it should be disregarded and stricken.

## CONCLUSION

THEREFORE, Defendants Integrity Wealth Partners, LLC and Ducci Enterprises, LLC request the Court for an order striking the Declaration of Ross Good and all references to and quotations therefrom, and for all other just and proper relief.

Respectfully submitted,

/s/ *Kevin D. Koons*
Kevin D. Koons, Atty. No. 27915-49
Justin R. Olson, Atty. No. 31450-49
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000
kkoons@kgrlaw.com
jolson@kgrlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I filed the foregoing *Defendants' Reply in Support of Motion to Strike* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark E. Maddox
Maddox Hargett & Caruso, P.C.
10150 Lantern Road
Suite 175
Fishers, IN 46037
mmaddox@mhclaw.com

Brian Pastor
Sonn Law Group PA
3455 Peachtree Rd NE
Ste 500
Atlanta, GA 30326
bpastor@sonnlaw.com

Shawn M. Good
Ross M. Good
The Good Law Group
800 E. Northwest Hwy
Suite 814
Palatine, IL 60074
Shawn@thegoodlawgroup.com
ross@thegoodlawgroup.com

Jeffrey R. Sonn
Sonn Law Group PA
19495 Biscayne Blvd.
Suite 607
Aventura, FL 33180
jsonn@sonnlaw.com

/s/ *Kevin D. Koons*
Kevin D. Koons

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000